FILED
SEP 11 2007
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

DE'ANTHONY DE'WAYNE COLEMAN, #241742
    PETITIONER,

-VS-                                      CASE NO: CR-05-125-T (FED)
                                               CC-04-1217 (STATE)

FEDERAL COURT, MIDDLE DISTRICT OF ALABAMA,
    RESPONDENT,

MOTION FOR AN ORDER
'NUNC PRO TUNC'

    Comes now the Petitioner, proceeding Pro-Se, in the above style and numbered cause, and moves this Honorable Court to review Petitioner's originally imposed sentences of (5) years that is consecutively with his State Sentence of (3) three years and Amend said Federal and state Sentence to run Concurrently Nunc Pro Tunc and for the following reasons:

JURISDICTION

    Federal and Alabama Rules of Court Nunc Pro Tunc allows this Honorable Court the jurisdiction to Amend consecutively Sentences and to reorder said sentences to be concurrently, A. R. Cr. P. Rule 26.12 (c) reconsideration, thus then Court may at any time by a Nunc Pro Tunc Order provide that previously imposed consecutively Sentences run concurrently Fed. R. Cr. P. Rule 32 (c) (2) and ABA Standard for criminal justice sentencing alternatives and procedures 18-5.1 (2d. Ed. 1986). This request by Coleman rises from an apparent misunderstanding at Court, thus the Honorable Judge Myron Thompson asked the Court (prosecutor) if Coleman's Federal Time could be run concurrently with State Time. The prosecutor stated: 'No it can't." The question itself led Coleman to believe that the judge might take an extra step in his favor or at least go to middle ground in Coleman's favor.

However, upon research by Coleman it was found that this determination was left to the judge **United States v. Labara**, 191 F. 3d 60 (1st Cir. 1999) holding Defendant was entitled to ruling by District Court as to whether Federal Sentence should run Concurrently or consecutively to State Sentence. Id. 62, Criminal Law Key-990.2 Defendant was entitled to ruling by District Court on issue of whether Federal Sentence should run concurrently or consecutively to State Sentence, Court could not merely defer to Bureau of Prisons U.S.S.G. 5G1.3, 18 U.S.C.A. thus after discussion the [Labara] Court stated nevertheless we think its useful to point out that [Labara] was entitled to a ruling by the District Court.

Although, at one time the B.O.P. had independent authority to begin a Federal Sentence before a Defendant was released from State Prison. U.S.S.G. App. C, 535 AT 371. The guideline now gives judges specific instructions regarding treatment of a Defendant who is federally sentenced while already subject to an undercharged term of imprisonment. Id. 5G1.3. In certain circumstances the new sentence must be Consecutively in others, it must be concurrently and in still others, the District Judge may do either or may make the sentence party concurrently, as needed to achieve a reasonable punishment. Id.

Coleman thinks he was entitled to a concurrently Sentence. See: U.S.S.G. 5G1.3 (b), the prosecutor stated that the sentences could not be run concurrently 5G1.3(c), thus however this determination is still made by the judge. Assuming that Coleman's suggestion that the Court may be operating under the belief that Federal and State Time could not be run together., it may well be that the Court would run the two Consecutively and would be satisfied that the ends of justice would be served with that specific amount of punishment… Therefore it is requested by Coleman that the two sentences by run concurrently, because this Court would retain jurisdiction and monitor Coleman's progress, thus if at any time this Court deemed the case worthy of further review or modification, it could revisit the sentence as needed.

The A.B.A. standards for criminal justice, sentencing alternatives and procedures 18-5.1 (2d. Ed 1986), and the A. R. Cr. P. are instructive as to this notion wherein Rule 26.8 principles of sentencing states: "The sentence imposed in each case should call for the least restrictive sanction that a consistent with the protection of the public and the gravity of the crime. In determining the sentence the Court should evaluate the crime and its consequences, as well as the background and record of the Defendant and give serious consideration to the goal of sentencing equality and the need to avoid unwarranted disparities.

Judges should be sensitive to the impact their sentences have on all components of the criminal justice system and should consider alternatives to long-term institutional confinement or incarceration in cases involving offenders whom the Court deems to pose no serious danger to society… Prison overcrowding has significantly frustrated the criminal justice system in Alabama as well as most other states. Sentencing judges generally can only speculate as to what their sentences mean. This uncertainly operates to undetermined the credibility of sentencing process…

"For appropriate Defendants, Judges are encouraged to fashion sentences utilizing alternatives other than basic probation and long-term institutional confinement." Coleman is not proposing to escape punishment thus in fact he is proposing a significant prison term which would (1) -Preserve scarce prison bed space for Habitual Offenders and others from whom society needs protection (2)-Save the state the cost of incarceration estimated to be approximately $814,600.00 Per-Year and the cost of new prison construction.

This sentence would be more reasonable and humane in light of the fact that Coleman has two young boys ages (3) three years old and (8) eight years old to raise as a family. This sentence also provides ample opportunity for Coleman to participate in Prison Counseling Programs such as the Omnibus (6) months Crime Bill Program, which was completed here at the Bullock County Correctional Facility addressing his problems. This would still be substantial prison term recognizing the seriousness of his out of character event (for whatever reason).

Probation and other alternatives should not turn upon generalizations about the type of offenses or the existence of a prior record but should be rooted in the facts and circumstances of each and every case. **United States v. Jones**, 526 F. Supp. 236 (D.C. January, 1981). Throughout history noted scholars and criminologist have analyzed the purposes of sentencing and punishment as early as 1974, Cesare Beccarria in his work on Crime and Punishment explored the concept of punishment by stating: "In order for punishment not to be in ever instance, an Act of violence of one of many against a private citizen, it must be essentially public, prompt, necessary, the least possible in given circumstances, dictated by laws."

Beccarria went on to express his doubt about the value of the amount of punishment by stating that deterrence is not guaranteed by the severity of punishment, but rather the certainly and speed with which it is administered. Coleman's proposed concurrently sentences would certainly comply with the Legislative Intent of Public Law 85-714 (August 23, 1958) as codified in U.S.C. 3651 (now Repealed giving way to the Federal Sentencing Guidelines) wherein it was believed that many offenders simply needed a small taste of prison life and then a prompt return to the community so that they could continue on with a productive and law-abiding life.

Essentially, it was believed that a short period of confinement followed by probation has a salutary effect upon an offender and is conductive to rehabilitation, thus after all the idea and purpose of the Split-Sentence was to unable a judge to impose short sentences followed by probation. **United State v. Cohen**, 617 F.2d 56 (4th Cir. 1980).

**CONCLUSION**

The proposal Coleman is seeking is for Federal Time and State Time to be ran concurrently Nunc Pro Tunc with each other, also respectfully requesting this Honorable Court to review his case in CR-05-125-T and run this Federal Case concurrently with State Case Number CC-04-1217, thus Coleman is basing his request on Federal and State Law as stated in this Motion for an Order Nunc Pro Tunc, with his accomplishments within the Department of Corrections during his incarceration.

Previously Coleman has contacted Honorable Judge Myron Thompson informing him that he has completed the requirements Ordered by this Court at sentencing. See, letter from Coleman's Parole Officer enclosed with this Motion which Judge Thompson said he would like to help. In Conjunction, Coleman had previously filed a Nunc Pro Tunc thus this Court considered it was a 28 U. S. C. & 2255 attacking his sentence, which wasn't the case. See: Coleman's Civil Action Number 2:07-CV-348-MHT dismissing the Civil Action without prejudice.

Therefore, Coleman is filing this Motion for Nunc Pro Tunc, thus not attacking his Federal Sentence but requesting that Federal Case be ran with State Case concurrently with each other.

**WHEREFORE,** the premises are considered, Petitioner pray that this Honorable Court grant the relief sought in said Motion For An Order Nunc Pro Tunc to run Federal Case with State Case as this Court may deem proper.

Respectfully Submitted,

De'Anthony R. Coleman Sr. #241742
De'Anthony De'Wayne Coleman, Petitioner
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089-5107

**CERTIFICATE OF SERVICE**

    I, De'Anthony De'Wayne Coleman hereby certify that I have served a copy of the foregoing Motion For An Order Nunc Pro Tunc this _3_ day of _Sept._, 2007 via United States Mail upon the Clerk Office Honorable Lane Mann of the Middle District of Alabama with proper prepaid postage, by placing same in the Legal Mail here at the Bullock County Correctional Facility.

 

_De'Anthony D. Coleman Sr. #241742_
De'Anthony De'Wayne Coleman, Petitioner
Post Office Box 5107
Union Springs, Alabama 36089-5107


CC:    Honorable Lane Mann, Clerk
        Middle District of Alabama
        United States Courthouse
        Post Office Box 711
        Montgomery, Alabama 36104


File: _____
      Date

**COMMUNITY SUPPORT**

 Consequently, Coleman has strong community ties, thus he's very well known for his caring nature towards his two younger sons, as well as the community, shows great Remorse for his past actions. Therefore, the conduct of his offense was both shocking to those that knew him and extremely out of his character the collective opinion of Coleman is positive. However, he's deeply loved by his family the consensus of individuals who knew Coleman request the Court to give serious consideration to this request.

 In Conjunction, they (individuals) and Coleman feel society will benefit and justice will be satisfied with the suggested sentence, thus it is respectfully submitted that Coleman doesn't have a history of being dangerous or even a menace to the community. The conviction alone will serve as a deterrent. Coleman and family has already endured significant punishment both emotional and financially.

 A period of traditional confinement exceeding that suggested is not necessary in this case to deter Coleman from future incidents or to send the proper message to the community. Therefore, it is the sincere hope of Coleman, his family, and friends that the Court will strongly consider this proposal and run time concurrently with state time.

             Respectfully Submitted,

             *De'Anthony D. Coleman Sr. #241742*
             De'Anthony De'Wayne Coleman #241742
             Bullock Correctional Facility
             Post Office Box 5107
             Union Springs, Alabama 36089-5107

Done this _3_ day of _Sept._, 2007.