IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr125-MHT |
| | ) | |
| DEANTHONY DEWAYNE COLEMAN | ) | |

UNITED STATES' RESPONSE TO SHOW CAUSE ORDER
(DOC. 25), AND DEFENDANT'S PRO SE MOTION FOR AN
ORDER '*NUNC PRO TUNC*' (DOC. 24)

Comes now the United States of America by and through Leura G. Canary, United States Attorney for the Middle District of Alabama and in response to the Court's Order (Doc. 25), and the defendant's Motion for an Order *'Nunc Pro Tunc'*(Doc. 24)[1], submits the following:

Procedural Background and Pertinent Facts

1. On May 25, 2005, a grand jury for the Middle District of Alabama returned a one count indictment against DeAnthony Dewayne Coleman ("Coleman"), charging him with knowingly using and carrying a firearm during and in relation to, and knowingly possessing a firearm in furtherance of a drug trafficking offense, namely, Trafficking in Cocaine and Trafficking in Marijuana, in violation of Title 18, United States Code, Section 924(c).

2. On October 3, 2005, Coleman pled guilty before United State Magistrate Judge Delores R. Boyd with no plea agreement. On December 15, 2005, this Honorable Court sentenced Coleman to a five year mandatory sentence to run consecutively to his state sentence in Montgomery County Circuit Court , Case Number CC-04-1217.  (Doc. 21).   In addition,

---

[1] The government's response to the defendant's *Nunc Pro Tunc* (now for then), will address the substance of the motion, notwithstanding the title of the motion.  The defendant's motion seeks to have the Court order his federal sentence to run concurrently with his state sentence and to apply the order retroactively to the date of his original sentence.

Coleman was ordered to pay a $100.00 special assessment and $18,312.20 restitution to Regions Financial Corporation. The defendant was ordered to comply with the standard conditions of probation and special conditions of supervision as outlined by the court. Coleman's judgment was entered on December 16, 2005. (Doc. 22).

3. On September 11, 2007, Coleman filed a Motion for An Order '*Nunc Pro Tunc.*' (Doc. 24). This Court ordered the government to show cause why Coleman's pro se motion to run his sentence concurrently should not be granted. (Doc. 25). This response follows.

## LEGAL DISCUSSION

Coleman contends that this Honorable Court should run his federal sentence concurrently with the time he is now serving in state custody.[2] In support of his contentions, Coleman argues that the court misunderstood the sentencing alternatives available under federal and state rules, and U.S.S.G. § 5G1.3. Coleman is mistaken. Title 18, United States Code, Section 924(c)(1)(A), governs the imposition of a sentence based upon a conviction under 924(c). The statute provides,

> **(c)(1)(A)** Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime -
> (i) be sentenced to a term of imprisonment of not less than 5 years;...

18 U.S.C. § 924(c)(1)(A)(i).

---

[2] The defendant is currently serving a state sentence at the State of Alabama Department of Corrections, Bullock Correctional Facility, in Union Springs, Alabama.

In addition, the statute explicitly prohibits the court from imposing a concurrent sentence on any defendant convicted under § 924(c). Section 924(c)(1)(D), provides,

> **(D)** Notwithstanding any other provision of law–
>    (i)  a court shall not place on probation any person convicted of a violation of this subsection; and
>    (ii)  no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1)(D).

The facts surrounding Coleman's federal charges were based upon an arrest on April 21, 2004, by Montgomery Special Operations Division of the Montgomery Police Department. Law enforcement officers made a ruse telephone call to the apartment where Coleman and associates were selling drugs. Coleman left the apartment carrying a duffle bag and a small backpack. Law enforcement officers stopped and observed marijuana in plain view in an opened bag. Coleman was in possession of marijuana, crack cocaine, a Smith & Wesson .22 caliber pistol and a stolen high Point 380 caliber pistol. On February 9, 2005, Coleman was convicted of trafficking in cocaine, trafficking in marijuana, and failure to affix a stamp, in the Circuit Court of Montgomery County, Alabama. The federal firearm charge was the result of Coleman's drug trafficking offenses. Therefore, pursuant to 18 U.S.C. § 924(c)(1)(D), the court was prohibited from running Coleman's firearm sentence concurrently with his drug trafficking sentence.

Coleman also contends that the court misunderstood the provisions of U.S.S.G. § 5G1.3. The provisions of § 5G1.3 are not supportive of Coleman's argument. To the contrary, § 5G1.3(c) is a policy statement, and § 5G1.3(a) applies to Coleman's sentence. Section 5G1.3(a) provides,

(a) If the instant offense was committed while the defendant was serving a term of imprisonment ...or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(a).

Since the Guidelines are advisory, any "[c]ommentary in the Guidelines Mannual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guidelines." *See Stinson v. United States*, 508 U.S. 36, 38 (1993); U.S.S.G. § 1B1.7 comment. In the instant case, a concurrent sentence would be contrary to the 924(c) statute and a plainly erroneous reading of the guidelines. *See also*, U.S.S.G. § 2K2.4, comment (n. 1 and 2).

Therefore, the sentencing judge correctly applied the mandatory statute which required Coleman's sentence to run consecutively to his state sentence in Case Number CC-04-1217.

## CONCLUSION

For the reasons stated above, Coleman's motion requesting the court to run his state and federal sentences concurrently should be denied.

Respectfully submitted on this 18th day of December, 2007.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                /s/ Tommie Brown Hardwick
                TOMMIE BROWN HARDWICK
                Assistant United States Attorney
                131 Clayton Street
                Montgomery, Alabama 36104
                (334) 223-7280
                (334) 223-7135 fax
                tommie.hardwick@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr125-MHT |
| | ) | |
| DEANTHONY DEWAYNE COLEMAN | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: DeAnthony DeWayne Coleman, #241742, Bullock Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089-5107.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 fax
tommie.hardwick@usdoj.gov